FILED
Apr 17, 2026
12:10 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | |
|---|---|
| MIRIAM BIANCO,<br>        Employee,<br>v.<br>ACADEMY OF MARYLAND<br>FARMS,<br>        Employer,<br>and<br>STATE AUTO MUTUAL<br>INSURANCE COMPANY<br>        Carrier. | Docket No. 2025-60-7253<br><br><br>State File No. 24482-2024<br><br><br>Judge Joshua D. Baker |

## EXPEDITED HEARING ORDER

At an expedited hearing on March 31, 2026, Ms. Bianco requested physician panels for treatment of her right knee and lower back. She also requested temporary disability benefits. For the reasons below, the Court finds Academy of Maryland Farms provided valid panels of physicians and holds she must choose physicians from those panels. The Court additionally denies her request for temporary benefits.

### Claim History

In this accepted claim, Ms. Bianco fell on her right side at work on April 8, 2024.

She testified that her supervisor sent her to an urgent-care clinic by writing the address down and handing it to her. Ms. Bianco denied receiving a panel. From there, she said the insurance adjuster directed her to medical appointments.

After receiving an orthopedic referral from the clinic, Ms. Bianco saw Dr. Lucas Richie for 14 months, until he released her at maximum recovery in September 2025. During treatment, she mostly saw physician's assistant Lacie Baker.

1

After an MRI, Dr. Richie diagnosed a right-knee meniscus tear and recommended surgery. However, Ms. Bianco preferred conservative treatment and underwent physical therapy for her knee and back.

While she was completing physical therapy, Dr. Richie imposed restrictions, and Ms. Bianco received temporary partial disability from February 27 through August 25, 2025.

When she finished physical therapy, Dr. Richie recommended knee surgery and made a referral to a spine specialist. In late July, Ms. Baker wrote, "The patient does not wish to move forward with [knee] surgery at this time and will follow-up on an as-needed basis." She recommended Ms. Bianco "finish PT with her back and then return to work without restrictions" on August 25, 2025.

Ms. Bianco expressed doubt about working without restrictions given her back pain. Ms. Baker wrote, "[Ms. Bianco] is concerned that she is not going to be able to lift the babies and toddlers without having severe pain although she has not tried[.] . . . We will refer her to a spine surgeon for complete evaluation on her back."

On September 12, 2025, Dr. Richie released Ms. Bianco at maximum recovery and assigned 2% impairment for her back injury and 1% impairment for her right-knee injury. Ms. Bianco disagreed and filed her petition, asserting she had not reached maximum recovery, had an "invalid release issued by a [physician's assistant]," had her temporary disability benefits improperly terminated on September 5, and had not received a panel for either her knee or back.

At trial, Ms. Bianco said she began working for a new employer on December 2 and wanted temporary benefits from September 5 through that date. She acknowledged receiving two panels a few months after filing her petition, but she declined to choose a doctor because Dr. Richie was a choice on one of the panels.

### Findings of Fact and Conclusions of Law

To receive benefits at an expedited hearing, Ms. Bianco must prove she is likely to prevail on her request for benefits at a final hearing. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

*Panel of Physicians*

Ms. Bianco requested new panels of physicians. The Court denies this request.

Workers' Compensation Law details the process for selecting a treating physician from a panel.

First, Employers are required to designate "three (3) or more independent reputable physicians . . . from which the injured employee shall select one (1) to be the treating physician." Tenn. Code Ann. § 50-6-204(a)(3)(A)(i) (2025). Those physicians must be independent, reputable, and "qualified, willing, and able to treat timely." Tenn. Comp. R. & Regs. 0800-02-01-.06(1) (2018). If a physician on the panel refuses to treat the employee, the employee may either select another physician or demand a new panel. Tenn. Code Ann. § 50-6-204(3)(G).

Second, the "employee shall select a physician[,] . . . sign and date the completed form, and return the form to the employer." If not, "the employee's receipt of treatment from any physician provided in the panel after the date the panel was provided shall constitute acceptance of the panel and selection of the physician from whom the employee received treatment as the treating physician[.]" *Id*. § 50-6-204(a)(3)(D)(i)-(ii).

Here, Ms. Bianco testified, unrefuted, that she never received an initial panel and did not choose Dr. Richie.[1] She maintained she finally received the panel after he treated her for an extended time, essentially asserting that the employer chose the physician for her because she saw Dr. Richie and he was later included on a panel.

Ms. Bianco received two more panels, one for her back and one for her knee, after she filed her petition. She refused to choose a doctor from either panel because the knee panel included Dr. Richie, whom she deemed "non-objective."[2] She presented no evidence that Dr. Richie refused to treat her or is unqualified. Thus, the Court finds his inclusion on the panel was proper despite her concerns.

Since the knee panel is valid and she did not object to the doctors included on the back panel, the Court holds that Ms. Bianco must choose from those panels. After

---

[1] The Academy of Maryland Farms offered an adjuster's Rule 72 declaration suggesting Ms. Bianco chose the clinic and Dr. Richie from panels but just did not sign or return those panels. However, the declaration was inadmissible because the declarant's name and the signature did not match.

[2] Neither panel was introduced into evidence.

Ms. Bianco selects physicians and signs and dates the completed forms, the Academy of Maryland Farms shall schedule appointments.

*Temporary Disability*

Ms. Bianco also requests temporary benefits from September 5 through December 2, 2025, when she started her new job. The Court denies her request.

When a treating physician has released an injured worker to return to work with restrictions before maximum recovery, and the employer cannot accommodate the restrictions, the injured worker may be eligible for temporary partial disability. *Heard v. Carrier Corp.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 16, at *5 (Apr. 20, 2018). However, Ms. Bianco had no work restrictions on August 25 and reached maximum recovery on September 12. Given this evidence, she is unlikely to prevail on her request for temporary disability benefits at trial.

**IT IS ORDERED as follows**:

1. Ms. Bianco shall select physicians from the panels of knee and back specialists that the Academy of Maryland Farms provided. She shall sign and date the completed forms and return them. The Academy of Maryland Farms shall then schedule appointments.

2. Ms. Bianco's request for temporary disability benefits is denied.

3. A status hearing is set for **Monday, August 3, 2026, at 11:00 a.m. Central Time.** You must call 615-741-2113 or 855-874-0474 to participate.

ENTERED April 17, 2026.

_____
**JUDGE JOSHUA D. BAKER**
**Court of Workers' Compensation Claims**

## Exhibits

1. Affidavit of Ms. Miriam Bianco
2. Medical records filed by Employer
3. Final Medical Report and office note of Dr. Lucas Richie dated September 15, 2025
4. Notice of Change or Termination
5. ExamWorks letter dated August 26, 2025
6. Letter signed by Dr. David West on October 10, 2025
7. Letter signed by Dr. David West on October 23, 2025

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent on April 17, 2026.

| Name | Reg. Mail | Cert. Mail | Email | Service sent to: |
|---|---|---|---|---|
| Miriam Bianco Machado, Employee | | | X | ████████████ |
| Emily Pfeiffer, Employer's Attorney | | | X | emily.pfeiffer@libertymutual.com<br>Joanne.Lynn@LibertyMutual.com<br>Rachel.Dornier@libertymutual.com |

_____
**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   - ➤ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   - ➤ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*